**UNITED STATES of America, Plaintiff,**

v.

**HINDS COUNTY SCHOOL BOARD et al., Defendants.**

**UNITED STATES of America, Plaintiff,**

v.

**WILKINSON COUNTY SCHOOL DISTRICT et al., Defendants.**

Nos. 28030, 28042.

United States Court of Appeals, Fifth Circuit.

Aug. 5, 1970.

David L. Norman, Asst. Atty. Gen., Dept. of Justice, Washington, D. C., for the United States.

Thomas H. Watkins, Jackson, Miss., for Wilkinson County School District and others.

Melvyn Leventhal, Jackson, Miss., for N.A.A.C.P.

Before BELL, THORNBERRY, and MORGAN, Circuit Judges.

PER CURIAM:

The findings of fact and recommendations of Honorable Dan M. Russell, Jr., United States District Judge, dated July 14, 1970, with respect to the effort to close the Woodville Attendance Center in the Wilkinson County School District are appended hereto. The findings and recommendations are adopted and made the opinion and order of this court, subject only to the further order that the Woodville Attendance Center shall not be put to non-public school use and defendants must maintain the buildings for further use in the event of the return of the students who have presently abandoned the public school system.

It is so ordered.

### APPENDIX

### FINDINGS OF FACT AND RECOMMENDATIONS

On November 7, 1969, the Fifth Circuit Court of Appeals in consolidated Causes Nos. 28030 and 28042 directed the immediate enforcement of permanent student and faculty assignment plans prepared by the office of Education, Department of Health, Education and Welfare in approximately 30 school systems in the Southern District of Mississippi in order to effectuate the conversion of these school systems to unitary systems. In said order the Appellate Court provided a procedure whereby a school board might seek to modify said plan through an evidentiary proceeding before this Court. On June 12, 1970, pursuant to said procedure, the Wilkinson County Board of Education, involved in Cause No. 1160(W) on the docket of this Court, filed its petition seeking permission to close the Woodville Attendance Center, presently housing grades 10–12 in the Woodville area, and to transfer these students and faculty members remaining at said school to the Wilkinson County Training School. The board has no plans to dispose of the Woodville facility or its equipment outside the system.

After notice to all parties, a hearing was had on July 2, 1970, at which plaintiff and the defendant school board were represented by counsel. The N.A.A.C.P. Legal and Educational Defense Fund, amicus curiae herein, made no appearance.

Plaintiff's response offered no objection to defendants' proposal to close the Woodville Attendance Center and to assign students, formerly required to attend that school under the Court ordered student assignment plan, to the Wilkinson County Training School, provided the defendants are enjoined from selling or otherwise disposing of that facility, or the personal property used therein, or making any use of the facility or personal property therein for the purpose or with the effect of frustrating the intent of this Court's orders.

At the hearing, the defendant school board supported its petition through the testimony of one witness, Mr. Bernard Waites, the present superintendent of the school district. Plaintiff, the United States of America, offered no evidence, relying instead on its cross-examination of defendants' witness.

Prior to the implementation of the HEW plan, this school district had four schools: Wilkinson County Training School, housing 2196 students in grades 1–12; Finch Attendance Center, housing 508 students in grades 1–9, both formerly black; and Woodville Attendance Center, housing 493 students in grades 1–12, and William Winans Attendance Center, housing 339 students in grades 1–12, formerly predominantly white.

The HEW plan called for pairing Wilkinson County Training School, assigning to it all students in the Woodville area in grades 1–9, with Woodville Attendance Center housing all 10–12 grade students in the Woodville area.

In the Centerville area, Finch Attendance Center, grades 1–6, was paired with William Winans Attendance Center, grades 7–12. The total enrollment, county-wide, as projected by HEW, was 3536 students, 779 white and 2757 black. Following the implementation of the HEW plan, and as reflected by an enrollment report dated April 20, 1970, on file with the Appellate Court, all whites have withdrawn from the public schools of Wilkinson County, including the withdrawal of all 454 whites from the Woodville Center alone, and black attendance has dropped to 2670. The number of faculty members consisted of 43 white teachers, 2 Orientals, and 118 blacks, for a total of 163; there is now a teaching staff of 126, all white teachers except 6 having withdrawn with the implementation of the HEW plan.

In view of the non-white student attendance, the issue presented by the petition is limited to the economic feasibility of closing the Woodville Attendance Center, with no racial motivation involved.

According to building information appearing in the HEW plan, Woodville Attendance Center has a capacity for 845 students with 26 teaching stations and is located on a 19.98 acre site. The Wilkinson County Training Center was constructed as a 1–12 grade school with a capacity for 2310 students and 71 teaching stations and is located on a 52.10 acre site. According to current enrollment, the Woodville Center has a present attendance of 406 students, all black. It is the only school in which any white teachers, six, remained after the implementation of the HEW plan. The current attendance at Wilkinson County Training School is 1555 students, all black, with 71 teachers, all black. On the basis of these statistics, the Court finds that the Wilkinson County Training School has ample room and facilities for the absorption of the students now assigned to Woodville Attendance Center.

The board's petition sets out the estimated savings, money-wise, involved in closing the Woodville Attendance Center, listing separately, salaries, operation and maintenance of building and grounds, transportation and library expense, for a total of $112,543.66. Superintendent Waites supported these figures in detail in his testimony, and added the sum of approximately $33,000.00 as the cost of operating the cafeteria, which would be saved if the facility is closed, for a grand total of savings in the approximate sum of $145,000.00. He stated that, of 148 public school districts in Mississippi, ranked economically, the Wilkinson

County school system is one of the lowest being ranked 142nd. This district is to open a new vocational-technical school in September 1970. Its costs of operation have been set at $150,000.00 per annum, of which $107,000.00 will be a local obligation. Turning to the two schools involved herein, Waites stated that two portions of the Woodville facility are partially empty and the cafeteria is not in use. As a part of the HEW plan implementation, typewriters and high school desks were moved from the Wilkinson school to the Woodville Center. These would be returned for use at Wilkinson. The kitchen and cafeteria at Wilkinson are in the process of being re-equipped, and when this is completed, the Wilkinson facility will be fully equipped and furnished, including all teachers' supplies, typewriters, laboratory materials, and band instruments now located at Wilkinson. Some athletic equipment, unadaptable for use at Wilkinson because of a difference in school colors, and other equipment and desks not needed at Wilkinson remain in storage at the Woodville school. The new vocational-technical school will be newly furnished, requiring nothing in the way of furnishings or supplies from the other schools. This school is being constructed to house 240 students of the 10–12 grade level, county-wide, which will further reduce attendance previously assigned to other high schools.

The board alleged in its petition that the Woodville Center, if closed, will not be used directly or indirectly by any private school. Waites testified that the board had no plans for the use or disposition of the facility, or its contents, which will remain stored there except for the items mentioned above to be returned to the Wilkinson Training School. The government completely failed to show any impending use or threat of use of any of this property for the purpose of or with the effect of frustrating the intent of previous court orders, evidence which would normally be required to justify injunctive relief.

Waites conceded that the defendant board has no plans by which it hopes to re-capture the white students who have fled the system. He did say that some few white students have expressed an interest in attending the new vocational center.

As to the faculty members who will be displaced if the Woodville facility is closed, Waites stated the board plans to assign them to the Wilkinson school. Since the implementation of the HEW plan, the district has lost between 40 to 50 teachers. Of the 6 white teachers who remained at the Woodville Center for the remainder of the 1969–70 year, only 3 plan to return.

On the basis of the foregoing uncontradicted proof offered by the defendant school board establishing the feasibility of closing the Woodville Attendance Center, this Court recommends that the school board be permitted to do so. Upon the further showing that the Wilkinson County Training School has the capacity and is suitably equipped to serve the students presently assigned to the Woodville Attendance Center, this Court recommends that grades 10–12 in the Woodville area be assigned to the Wilkinson school. The Court further recommends assigning all teachers from the Woodville Attendance Center, including the remaining white members of the faculty, to the Wilkinson school, despite the fact that the projected student enrollment will be 100% black. This Court has faced with shock and regret the realization that this school board, in its compliance with HEW and court requirements, has lost from its public school system the entire white enrollment representing a portion of the community who contribute to the district's support. It is hoped that the retention of some white teachers will attract the return of some of these students.

Recommended and signed in duplicate, the Clerk of this Court being directed to file one signed duplicate in his office and forward the other signed duplicate to the Clerk of the U.S. Court of Appeals

for the Fifth Circuit, and mail a copy to each party of record.

    (Signed) DAN M. RUSSELL, JR.
          United States
          District Judge